UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
UNITED STATES OF AMERICA,

                                             **NOTICE OF MOTION**

      -against-

                                            13 Cr. 143 (JMF)

JESUS MENA,

                    Defendant.
------------------------------------------X

    PLEASE TAKE NOTICE, that upon the annexed affidavit of DAVID TOUGER, Esq. being duly sworn to on March 13, 2014, the annexed Memorandum of Law, the annexed exhibits and the prior proceedings in this case, the undersigned will move this Court before the Hon. Jesse M. Furman, United States District Judge, on the 14th day of March, 2014, or as soon thereafter as counsel may be heard, at the Courthouse located at Foley Square, New York, New York 10007, pursuant to Rules 6, 7, 12 and 16 of the Federal Rules of Criminal Procedure, Rules 801 and 806 of the Federal Rules of Evidence, 18 U.S.C. § 3504, and the inherent supervisory power of the Court for issuance of the following Orders.

    1. Pursuant to Rule 7(f) Fed. R. Crim. P., directing the government to serve and file a Bill of Particulars as demanded in the annexed affidavit;

    2. Pursuant to Rule 16 Fed. R. Crim. P., for Discovery.

    3. Pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny, directing the government to produce all information which

tends to exculpate the defendant.

4. Directing the government to produce its confidential informant pursuant to the authority set forth in the Memorandum of Law submitted herewith;

5. Granting reasonable time for the defendant to make such additional motions as are predicated upon the government's response to these motions, the Court's decision as to the instant motions, and any further developments in this case.

6. Granting such additional relief as the Court deems just and proper, or as may become appropriate as a result of information disclosed pursuant to this motion.

No previous application for the relief sought herein has been made to any Court.

DATED: NEW YORK, NEW YORK
       March 13, 2014

TO: Amy Garzon                              YOURS, etc.,
    United States Attorney's Office         DAVID TOUGER
    Southern District of New York           PELUSO & TOUGER, LLP
    One St. Andrews Plaza                   70 Lafayette Street
    New York, New York  10007               New York, NY  10013
                                            (212) 608-1234

    Clerk, of The Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
UNITED STATES OF AMERICA,

                                                   **AFFIDAVIT IN SUPPORT**
                                                      **OF MOTION**

             -against-

                                                    13 Cr. 143 (JMF)

JESUS MENA,

                         Defendant.
------------------------------------------X

STATE OF NEW YORK    )
                           ) ss.:
COUNTY OF NEW YORK   )

    David Touger, being duly sworn, deposes and says:

    1. I am the attorney of record for the defendant, Jesus Mena and I am duly admitted to practice law before this Court.

    2. This affidavit is submitted in support of the defendant Mena's motion for omnibus pretrial relief and except when the context shows otherwise, is made upon information and belief.

    3. On February 25, 2014 I sent the Government a Discovery letter including all of the requests below and I have received no response there from. Thus, I am now making a motion for Discovery.

### I. BILL OF PARTICULARS

    4. Pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, the following particulars are requested of the government.

    5. As to Count one in the indictment charging a narcotics

conspiracy, please state the following:

- a- Please state the exact nature of the "narcotics" that the Government contends that Mr. Mena was involved with.

- b- Please state the date on or about that Mr. Mena is alleged to have joined the alleged conspiracy.

- c- Please state the dates on or about that it is alleged that Mr. Mena committed any overt acts in aid of the conspiracy.

- d. Please state what overt acts Mr. Mena is alleged to have committed in furtherance of the charged conspiracy.

- e- Please state whether there were any, Co-Conspirators and other persons alleged to have 1) become aware of, 2) agreed to, or 3) approved of the commission of the alleged overt acts that Mr. Mena is alleged to have perpetrated.

- f- Please state when, where, from or with whom, persons present and the manner in which each alleged conspirator or other person 1) became aware of, 2) agreed to or 3) approved of the commission of the alleged overt acts Mr. Mena is alleged to have perpetrated.

- g- Please state whether there were any, co-conspirators and/or other persons alleged to have participated in the commission of the alleged overt acts Mr. Mena is alleged to have perpetrated.

- h- Please state the respective roles and manner of participation of each conspirator in planning, executing, concealing and planning to conceal the commission of the alleged overt acts Mr. Mena is alleged to have perpetrated;

- i- When the act of receiving "narcotics" is alleged the exact amounts received and the price if any paid.

    j.  When the act of receiving cash is alleged the exact amounts received.

    k-  The dates, times, places and persons present for all conversations, discussions, communications or agreements concerning each "narcotics" transaction it is alleged that Mr. Mena is involved in;

    l-  Co-conspirators or other persons who became aware of any conversations, discussions, communications or agreements identified in (k);

    m-  When, where, from or with whom, persons present and the manner in which each alleged co-conspirator or other person became aware of any conversation, discussion, communication or agreement identified in (l);

## II. DISCOVERY

6. All documents which the government intends to use at trial as evidence in its case in chief. Fed. R. Crim. P. 16(a)(I)(C). This includes not only those items which will be marked and offered into evidence, but all of those documents that will be relied on or referred to in any way by any witness called by the government during its case in chief and to impeach any defendant or defense witness. United States v. Turkish, 458 F. Supp. 874, 882 (S.D.N.Y. 1978). We request that any documents in this category be specifically identified from among the documents that should be produced pursuant to defendant's Rule 16 requests, both to enable counsel to prepare effectively for trial and to afford defendants an opportunity to move to suppress any evidence the government

intends to use in its case in chief. See, Fed. R. Crim. P. 12(b)(3) and 12(d)(2).

7. State whether the government intends to offer at trial any evidence of prior criminal conduct or prior bad acts as to the defendant or any co-conspirator, indicted or unindicted.

8. Wholly separate and apart from the above requests are the following demands made pursuant to Brady v. Maryland, and its progeny, including but not limited to:

   a) Any and all information within the knowledge of the government, or which should be within its knowledge by the exercise of due diligence, which may affect in any way the credibility of any and all of the government witnesses including but not limited to the income tax forms of the confidential informant.

   b) Any and all conversations, recorded or otherwise, wherein defendant's own statements are exculpatory in nature.

   c) Whether any person to be called as a witness by the government is known, or with due diligence could be known, by the government to:

      1) Have been charged with a crime;
      2) Have been convicted of a crime;
      3) Is or has been under psychiatric care or treatment;
      4) Is or has been in drug or alcoholic abuse care or treatment;
      5) The "rap" sheets of any government witness;
      6) Any and all records and information revealing prior misconduct, criminal acts or bad acts of any witness the government intends to call at trial.

If the government is unwilling to make such inquiry of its witnesses (i.e. exercise due diligence), the defense demands that

it be supplied with the names and addresses of such witnesses in sufficient advance of trial so that we may make our own investigation or inquiry of them.

9. The defendant at this time does not now if any confidential informants have been utilized by the Government in this matter if in fact the Government has utilized one or more confidential informants the defendant requests that the Court direct the government to produce the confidential informant(s) so utilized so that counsel may directly inquire whether he or she will submit to an interview.

10. Whether any of the law enforcement agents whom the government intends to call at trial have disciplinary records. If so, provide details.

11. Whether there are any deals, understandings, agreements and/or promises between the prosecution and any other individual as to the nature and extent of prosecution or sentence type or length. See, Giglio v. United States, 405 U.S. 150 (1972).

12. Any and all considerations or promises of consideration given during the course of the investigation and preparation of this matter by any law enforcement officials, including prosecutors or agents, police or informers, to or on the behalf of any witness the government intends to call at trial, or any such consideration or promises expected or hoped for by any such witnesses at any future time. Such considerations refer to anything which arguably

could be of value or use to a witness, including but not limited to, all promises whether formal or informal, direct or indirect, of leniency, favorable treatment or recommendations or other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, administrative or other matter involving the state or federal government, any other authority, or other parties; civil, criminal, or tax immunity grants; relief from forfeiture; payments of money rewards or fees, witness fees, and special witness fees; provisions of food, clothing, transportation, legal services or other benefits, placement in the "witness protection program," informer status of the witness, letters to anyone informing the recipient of the witness' cooperation, recommendations concerning federal aid or benefits and/or anything else which would inure to the benefit of the witness.

13. Any material not otherwise listed which reflects or evidences the motivation of the witness either to cooperate with the government or any bias or hostility against the defendant.

14. The existence and identification of each occasion on which a witness has testified before any Court, grand jury, or other tribunal or body, or otherwise officially narrated in relation to the defendants, the investigation or the facts of this case.

15. Any statements or documents, including but not limited

to, grand jury testimony and federal, state and local tax returns made or executed by any potential prosecution witness at the trial in this action which the prosecution knows, or through due diligence should have reason to know, is false.

16. Any and all other records and/or information which arguably could be helpful or useful to the defense in impeaching or otherwise detracting from the probative force of the prosecutor's evidence, or impeaching the credibility of prosecution witnesses, or challenging the authenticity and probative force of government exhibits.

In support of these requests, the defendant represents and alleges that:

a) The information is necessary to enable the defendant to determine what motions in limine are necessary;

b) The information requested is necessary to prepare for trial and to preclude the trial from being one of ambush and surprise; and,

c) The information requested is necessary to prepare for meaningful cross-examination of any witness who may testify on behalf of the government.

17. Pursuant to Rules 16 and 26.2 of the Federal Rules of Criminal Procedure and Rule 612 of the Federal Rules of Evidence, we request that we be provided with all statements, grand jury testimony or information (in whatever form) provided to the

government or the grand jury.

18. Whether any persons were present during grand jury proceedings other than grand jurors, witnesses, court reporters and Assistant United States Attorneys.

19. Whether any grand jury materials, including grand jury transcripts or any documents or information produced to the grand jury, were disclosed or released to any person other than the grand jurors, witnesses, court reporters, and Assistant United States Attorneys.

20. The identity of persons to whom such information or documents was disclosed, the date of any such disclosure and any court order authorizing such disclosure.

21. Whether the government will seek to offer any chart, summary or calculation, and all writings, recordings, photographs or other information on which such charts, summaries or calculations are based should be made available for inspection and copying.

22. Pursuant to the provisions of Rule 104 of the Federal Rules of Evidence, and the defendant's right to request effective representation by counsel and a fair trial, we request that the government disclose whether it intends to offer in its case in chief as a statement by defendants any of the following:

    (a) Any statement as to which any defendant manifests his adoption or belief in its truth, Fed. R. Evid. 801(d)(2)(B).

(b) Any statement made by another which was purportedly authorized by the defendant, or is deemed to be an admission of the defendant, Fed. R. Evid. 801 (d)(2)(A) and 801 (d)(2)(C).

(c) Any statement by an agent or servant of the defendant concerning a matter within the scope of his/her agency or employment made during the existence of such a relationship, Fed. R. Evid. 801(d)(2)(D).

(d) Any statement by a co-conspirator, co-schemer or co-racketeerer made during the course of and in furtherance of the conspiracies alleged in the indictment, Fed. R. Evid. 801(d)(2)(E).

23. Pursuant to the Fifth and Sixth Amendments to the United States Constitution, Rule 16(a)(1)(C) of the Federal Rules of Criminal Procedure and Rules 403 and 404(b) of the Federal Rules of Evidence, we request that the government disclose all evidence of other or similar crimes, wrongs or acts allegedly committed by the defendant upon which the government intends to rely to prove motive, scheme, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.

24. We request the empanelment and adjournment dates of each grand jury that heard evidence concerning this case, the instructions provided to the grand jury before the indictment was returned and the voting record and record (<u>i.e.</u>, transcript) of return in open court of the indictment.

25. We request at this time all statements or reports in its possession made by the government witnesses or prospective

government witnesses, pursuant to 18 U.S.C. ' 3500 (Jencks Act) and Rule 26.2 of the Federal Rules of Criminal Procedure.

26. We request the names and addresses of, as well as the statements and testimony of, all persons whom the government does not intend to call as witnesses at trial who were interviewed by the government or who testified before the grand jury with respect to any of the charges in the indictment.

27. We request a copy of every press release issued by the United States Attorney's Office, the Department of Justice or any other agency, department or division of the government (by cross-designation or otherwise), which concerns or relates to the defendant herein. We also request a transcript of (or an opportunity to view any videotape of or to hear any tape recording of) the press conference or conferences by any member of the entities listed above which concerns or relates to the defendants herein.

28. We request that you direct all agents who were involved in this investigation to preserve their original notes made during the course of the investigation.

### III. GRANTING LEAVE TO MAKE FURTHER MOTIONS

29. Defense counsel has endeavored to encompass within this omnibus motion all forms of pretrial relief that may properly be requested at this time.

30. Should this case assume a different posture at a later

date, due perhaps to availability or unavailability of evidence, the Court is respectfully asked to grant leave to make such further motions as may seem appropriate at a future date.

WHEREFORE, deponent respectfully prays that an Order be issued granting to the defendant Mena the relief sought within the instant motion, or in the alternative, that the Court schedule a hearing and/or hearings in order to appraise any contested issue of fact or law, together with such other and further relief as this Court may deem just and proper under the circumstances of this case.

_____
David Touger

Sworn to before me this
13th day of March, 2014

_____
Notary Public

PATRICK J. JOYCE
Notary Public, State of New York
No. 02J05039969
Qualified in New York County
Commission Expires March 6, 2015