

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 23, 2014

**VIA ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    **United States v. Fadul-Garcia, 13 Cr. 143 (JMF)**

Dear Judge Furman:

      We write to address one additional matter raised by the defendants' with respect to their pending motion for an attenuation hearing.  In particular, we write to respond to the defendants' repeated suggestion that a hearing is necessary because the Government has not yet submitted "a sworn affidavit from a law enforcement agent" but instead "asks the Court to accept its unsubstantiated assertions."  (Def. Br. at 5.)  As an initial matter, and as outlined far more thoroughly in the Government's briefs, the Government has already provided numerous reports and records which document facts relevant to the issue of attenuation, namely the dates on which certain evidence was gathered as well as the gathering agency.  It thus, simply inaccurate to suggest that the Government has asked the Court to accept its "unsubstantiated assertions."

      Second, the Government has provided a detailed attorney proffer outlining (1) what evidence it intends to introduce at trial, and (2) how that evidence was gathered.   The defendants contend the proffer is insufficient because "the arguments of counsel are not evidence." (*Id.*)  However an attorney *proffer* is not generally considered "argument" in this context.  *See, e.g.*, *United States* v. *Sabbeth*, 34 F. Supp. 2d 144 (E.D.N.Y. 1999) (relying on the Government's attorney proffer of expected trial testimony to resolve motion); *see also United States* v. *Del Rosario*, 2012 U.S. Dist. LEXIS 86291 at \*15 (S.D.N.Y. June 14, 2012) (deciding pre-trial motions based only on attorney proffer of expected evidence and noting that "[m]otions in limine are, definitionally, a pre-trial attempt to determine what evidence should and should not come in at trial. It is necessarily an exercise performed without access to the level of detail regarding the nature of the story and the strength or weakness of the proof that will be developed as the trial proceeds").  That is particularly true where, as here, the attorneys making the proffer have first-hand knowledge of the information being proffered, that is the history of the investigation and method by which the evidence the Government intends to offer at trial was

gathered.  *Cf. United States* v. *Caruso*, 684 F. Supp. 84, 87 (S.D.N.Y. 1988) (rejecting, as insufficient, attorney proffer because the attorney did not have "personal knowledge of the underlying facts"); *see also United States v. Gillette*, 383 F.2d 843, 848 (2d Cir. 1967) (defendant's attorney's affidavit was "insufficient in that it does not, for example, allege personal knowledge").  Indeed, the primary case cited by the defendants ostensibly in support of their claim that the failure to submit an agent affidavit warrants a hearing, actually would appear to imply precisely the opposite.  *See Pretzantzin* v. *Holder*, 736 F.3d 641, 651 (2d Cir. 2013) (noting that the "Government failed to make any evidentiary *proffer*" with respect to the key factual issue in that case).

Accordingly, the Government respectfully submits that the lack of agent affidavit is not, itself, a basis for holding a hearing, particularly given the lack of material factual issues in dispute, as more fully described in the Government's briefing.

Respectfully,

PREET BHARARA
United States Attorney

By: __/s/_____
Amy Garzon/Edward B. Diskant
Assistant United States Attorneys
Telephone:  (212) 637-2431/2294

Cc:    Florian Miedel, Esq. (via electronic mail)
       Jonathan Marvinny, Esq. (via electronic mail)
       Daniel Parker, Esq. (via electronic mail)